Berdina CROWE, Ernestine Walkingstick, Nancy Rose Long, John C. Standingdeer, Sr., Pauline Thompson Gutierrez, Ella Jackson, Helen Jacobs, Geraldine Sarah Thompson, Robert S. Youngdeer, Ruth Taylor and Richard (Geet) Crowe, on behalf of themselves and all other eligible enrolled voters of the Eastern Band of Cherokee Indians similarly situated, Appellants,

v.

EASTERN BAND OF CHEROKEE INDIANS, INC., Appellee.

No. 77–2631.

United States Court of Appeals, Fourth Circuit.

Argued July 17, 1978.

Decided Sept. 28, 1978.

Wesley F. Talman, Jr., Asheville, N. C. (McLean, Leake, Talman & Stevenson, Asheville, N. C., on brief), for appellants.

Ben O. Bridgers, Sylva, N. C. (Holt, Haire & Bridgers, Sylva, N. C., on brief), for appellee.

Before BOREMAN and FIELD, Senior Circuit Judges, and HALL, Circuit Judge.

PER CURIAM:

The plaintiffs, enrolled members and voters of the Eastern Band of Cherokee Indians, filed this action, contending that the Tribal Council permitted irregularities in the September 1, 1977, tribal election in violation of the equal protection and due process rights guaranteed to the plaintiffs by the Indian Civil Rights Act of 1968 (ICRA), 25 U.S.C. § 1302(8). The complaint alleged jurisdiction under 28 U.S.C. § 1343(4), and prayed for both declaratory and injunctive relief. The district court concluded that it had jurisdiction, but granted the defendant's motion to dismiss upon the ground that the complaint failed to state a claim upon which relief could be granted. The plaintiffs have appealed.

We find it unnecessary to reach the merits of the appeal since we conclude that under the Supreme Court's decision in *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978), the district court was without jurisdiction to entertain the action. In accepting jurisdiction the court below understandably relied upon our decision in *Crowe v. Eastern Band of Cherokee Indians, Inc.*, 506 F.2d 1231 (4th Cir. 1974). In that case, drawing upon the rationale of *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), we held that Section 1343(4) provided "a logical and specific basis of jurisdiction", *Id.* at 1234, to assert rights guaranteed under the ICRA. In *Martinez*, however, the Court concluded that suits against

a tribe under the ICRA are barred by its sovereign immunity and held that:

"unless and until Congress makes clear its intention to permit the additional intrusion on tribal sovereignty that adjudication of such actions in a federal forum would represent, we are constrained to find that § 1302 does not impliedly authorize actions for declaratory or injunctive relief against either the tribe or its officers."

436 U.S. at 72, 98 S.Ct. at 1684.

Our decision in *Crowe* was, of course, overruled by the clear and unequivocal holding of the Court in *Martinez*, and requires that the jurisdictional ruling of the trial court be set aside. Accordingly, this case is remanded to the district court with directions to dismiss the complaint for lack of jurisdiction.

*REMANDED.*